**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| THE BUNCHER COMPANY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. 26-200 |
| v. | ) | Judge Nora Barry Fischer |
| | ) | |
| HSBC VENTURES USA, INC., | ) | |
| | ) | Docket No. 9 |
| Defendant. | ) | |
| | ) | |
| | ) | |

**MEMORANDUM ORDER**

AND NOW, this 24th day of April, 2026, upon consideration of Defendant, HSBC Ventures USA, Inc. ("HVUI")'s Motion to Dismiss, Brief in Support and Reply (Docket Nos. 9-10, 16) and Plaintiff, The Buncher Company ("Buncher")'s, Brief in Opposition (Docket No. 15); and after evaluating the allegations in Plaintiff's Complaint (Docket No. 1) in light of the prevailing standards governing Rule 12(b)(6) motions to dismiss, pursuant to which the Court must accept all of the well-pled factual allegations as true, and resolve all inferences in favor of Plaintiff, *see, e.g.*, *United States ex rel. Bookwalter v. UPMC*, 946 F.3d 162, 168 (3d Cir. 2019) (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) and *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 557 (2009)):[1]

IT IS HEREBY ORDERED that Defendants' Motion to Dismiss [9] is DENIED.

---

[1] *See also Stratechuk v. Bd. of Educ.*, 200 F. App'x 91, 94 (3d Cir. 2006) (Rule 12(b)(6) motion to dismiss "tests the legal sufficiency of the claim and whether the facts as alleged would support relief under the legal theory posited"); *JPMorgan Chase Bank, Nat'l Ass'n v. Argus Info. & Advisory Servs. Inc.*, 765 F. Supp. 3d 367, 375 (D. Del. 2025) (district court "cannot consider . . . factual allegations lobbed from outside the pleadings").

In so holding, the Court notes that Defendant's motion largely relies upon its own version of the facts, matters outside the pleadings, and affirmative defenses which are insufficient to demonstrate that dismissal under Rule 12(b)(6) is warranted. *See, e.g., Feinberg v. Am. Exp. Co.*, Civ. A. No. 11-5434, 2011 WL 4807916, at *3 (E.D. Pa. Oct. 7, 2011) (court "may not consider Defendant's version of the facts at the motion-to-dismiss stage."); *Bruni v. City of Pittsburgh*, 824 F.3d 353, 360 (3d Cir. 2016) ("In considering a motion to dismiss, the district court is also bound not to go beyond the facts alleged in the Complaint and the documents on which the claims made therein are based."); *Schmidt v. Skolas*, 770 F.3d 241, 249-51 (3d Cir. 2014) (affirmative defenses must be clear on the face of the complaint to warrant dismissal under Rule 12(b)(6) and the Court may not require a plaintiff to plead around an affirmative defense).[2] It also appears to misapprehend the applicable standards under Federal Rule of Civil Procedure Rule 8 and Rule 12(b)(6). *Cf.* Docket No. 15 at 4-5 (setting forth basic legal standards and providing additional support).

<u>The Governing Agreement</u>

Plaintiff's Complaint is premised, at its core, on its asserted ownership rights in equipment, fixtures and other property (the "Collateral") maintained in Plaintiff's industrial premises by its third-party lessee, Formlogic Corporation, under the terms of a five-year lease effective October 2021 through September 2026 but prematurely terminated by lessee's default in November 2024. The litigants' dispute arises from Defendant's security interest in that same Collateral, which was the subject of the parties' one-page January 29, 2024 Release and Waiver Agreement (the

---

[2] *See also* Docket No. 15 at 6 (citing *Gaboff v. Collern Firm*, 2010 WL 4456923 (E.D. Pa. Nov. 5, 2010) (factual disputes cannot serve as the basis for dismissal)).

"RWA").   The RWA, by which Plaintiff subordinated its potential ownership interests to Defendant's, provides in relevant part as follows:[3]

> At such time as [Formlogic] has vacated the Premises, voluntarily or involuntarily, [HVUI] shall not be liable for the charges for storage of the Collateral unless [Buncher] has given [HVUI] demand in writing to remove the Collateral within a reasonable time not to exceed thirty (30) days and [HVUI] has failed to do so within said period of time provided, however, [HVUI] shall pay [Buncher] the rent and additional rent that otherwise would be payable to [Buncher] under the Lease for a period of time in which [HVUI] is in possession of the Premises. Any Collateral not removed at the end of said period of time as herein provided shall be considered abandoned by [HVUI] and [HVUI] shall have no further right therein.

Docket No. 16 at 6 (quoting RWA, ¶ 2).

<u>The Parties' Positions</u>

Plaintiff avers that: As set forth in its November 4, 2024 Notice of Default to Formlogic, its lessee had failed to make monthly payments due for the months of September, October and November, 2024.[4]  Formlogic did not cure its default by the specified date (November 19th), but vacated the property "in or around" November.   Plaintiff twice gave "reasonable notice" to Defendant to remove the Collateral and Defendant was aware that in failing to do so it would abandon the Collateral to Plaintiff's claimed ownership.  More specifically, Plaintiff avers that on November 7th it gave formal notice to Defendant that Formlogic was in default, Plaintiff was in possession of the premises, and Defendant was required to remove the Collateral on or before

---

[3] Plaintiff's failure to attach the RWA to its Complaint does not preclude the Court's consideration of its actual text, in lieu of Buncher's characterization thereof.  *See, e.g., Pension Benefit Guar. Corp. v. White Consol. Indus.*, 998 F.2d 1192, 1196 (3d Cir. 1993) ("A court may consider an undisputedly authentic document that a defendant attaches as an exhibit to a motion to dismiss if the plaintiff's claims are based on the document.").

[4] *Cf.* Docket No. 9-1 at 52-53 (Plaintiff's November 4, 2024 Notice of Default and Right to Cure, demanding that Formlogic cure its default by November 19th).

November 25th.[5]  It further avers that on February 10, 2025 Plaintiff provided a second notice demanding that Defendant remove the Collateral and comply with the RWA terms by February 14th.[6]  Although Defendant did not comply with removal, and does not dispute that it had not removed the Collateral by February 14th, it nonetheless sent Plaintiff a February 12th letter communicating its intent to sell the collateral by private sale on or after February 21st. Plaintiff responded by inquiring of (a) the status of the License Agreement being negotiated between the parties and (b) Defendant's intent to conduct its own sale of the Collateral or participate in the February 26th auction organized through third-party, Trinity Capital, Inc. (which also held security interests in certain Formlogic equipment maintained at the leased premises).  But Defendant then clandestinely sold the Collateral on or around February 24, 2024; used the proposed Licensing Agreement negotiations to mislead Plaintiff as to its intent; and retained the $340,000 proceeds of sale of the Collateral removed from the leased premises without Plaintiff's knowledge or consent.

*See generally*, Docket Nos. 1 and 15.  *Cf.* Docket No. 10 at 3 (averring that "Formlogic would have to vacate the premises (not simply fail to meet its rental obligations)" and asserting that occurred "February 10, 2025, at the earliest"); *id.* at 4 ("Despite Buncher's unreasonable demand, [Defendant] promptly removed its Collateral from the premises by no later than March 12, 2025.").

Defendant's Motion to Dismiss attached almost 300 pages of documents, including extensive filings in Plaintiff's confession of judgment action against Formlogic, and communications between counsel, as evidence of matters such as the lease terms and rights

---

[5] According to Plaintiff, Formlogic's default and Plaintiff's notice to Defendant also triggered Defendant's obligations under the RWA to make unpaid and additional rent payments as provided therein – obligations which Defendant also neglected.

[6] *See also* Docket No. 15 at 9 (quoting Docket No. 10 at 12) (Defendant's representation that Plaintiff "did not notify [Defendant] that Formlogic was no longer in possession of the Premises until it sent its February 10, 2025 letter").

surrounding default and cure.  Defendant contends that Formlogic had not yet vacated the leased premises containing the Collateral, Plaintiff failed to give effective notice, and therefore Defendant retained its Collateral ownership rights pursuant to the terms of the RWA.  *See generally*, Docket No. 10; *id.* at 6 (asserting that the November 7th notice "was insufficient, as a matter of fact and law . . . because Formlogic had not yet vacated" the premises).  *Cf.* Docket No. 15.  Defendant also asserts, as Plaintiff observes, that the February 14th deadline was "unreasonable".  Docket No. 10 at 4, 7; Docket No. 15 at 10.[7]

As to Formlogic's vacation of the premises, Defendant further asserts: "Formlogic had not yet vacated the Premises, and, in fact, still had an opportunity to cure its alleged default under the clear language of the Lease" at the time of Plaintiff's November 2024 Notice to Defendant.  Docket No. 10 at 6.  Plaintiff "did not take possession of the Premises until sometime in January or February 2025".  *Id.* at 12 (averred as supporting its position that Formlogic had not vacated in October or November).  The confession of judgment proceedings note that a formal eviction was scheduled for February 27, 2025, but that Plaintiff reported to the Allegheny Sheriff's Office that Formlogic had already "abandoned the Property and [Plaintiff] had secured possession", rendering eviction unnecessary.  *Id.* (citing Docket No. 9-2 at 299).  Defendant appears to assert that this record establishes that Formlogic vacated the premises "sometime between February 10, 2025 (when it filed its Praecipe for Writ of Possession) and February 26, 2025".  (Docket No. 10 at 6).

---

[7] The question of the reasonableness of notice is, inherently, a material fact question.  *See* Docket No. 15 at 10 (citing *Contimortgage Corp. v. Mortg. Am., Inc.*, 47 F. Supp. 2d 575, 578 (E.D. Pa. 1999) (denying summary judgment where defendant claimed plaintiff failed to demand contract remedy in a reasonable amount of time, as "[w]hat is a reasonable time is ordinarily a question of fact decided by the jury").

The Court cannot, however, so readily agree with Plaintiff's further assertion that "the Release and Waiver itself suggests that the timeframe for notice to remove the Collateral would be short, i.e. 'a reasonable time not to exceed' 30 days", to the extent Plaintiff interprets it to unambiguously allow, *e.g.*, Plaintiff to demand on February 10th a removal by February 14th.  *See* discussion, *infra.*; *cf.* Docket No. 10 at 4 (characterizing the language of the RWA as "plain and unambiguous").

Count I (Breach of Contract)

In order to make out a claim that Defendant abandoned the Collateral, Plaintiff must aver that as of some particular date (i) Formlogic "ha[d] vacated the Premises"; (ii) Plaintiff gave Defendant "demand in writing to remove the Collateral within a reasonable time not to exceed thirty (30) days"; and (iii) Defendant "failed to do so within said period of time".  With respect to element (i) the Complaint alleges that "Formlogic vacated the Leased Premises in or around November of 2024 when it defaulted on the Lease Agreement." (Docket No. 1 at 12).  Defendant characterizes this allegation as a "legal conclusion" - apparently interpreting "when" to refer to legal consequence rather than temporal overlap.  (Docket No. 10 at 12).  However, read in the light most favorable to Plaintiff, the Complaint sufficiently alleges as a fact that Formlogic vacated the Leased Premises in or around November of 2024.  For purposes of the present motion, the Court must accept that allegation as true, notwithstanding Defendant's attempts to negate it by reference to various inconclusive documents *dehors* the record.

With respect to element (ii), the Complaint alleges that on November 7, 2024, Plaintiff "provided [Defendant] with demand in writing to remove the Collateral on or before November 25, 2024"; and that on February 10, 2025 Plaintiff demanded that Defendant "remove its Collateral . . . by Friday, February 14, 2025".  Under the RWA, vacation of the premises must predate the demand for removal of Collateral.  *See* Docket No. 9-1 at 50 (RWA, providing for forfeiture of rights in Collateral not removed in compliance with demand "[a]t such time as [Formlogic] has vacated the Premises").  Plaintiff's allegation that Formlogic vacated "in or around" November is plainly insufficient to establish that Formlogic vacated prior to November 7, but sufficient to establish (for purposes of a motion to dismiss) that it did so before February 10.  Consequently, Plaintiff's satisfaction of element (ii) turns on whether allowing four days from the February 10

6

letter constitutes a demand "to remove the Collateral within a reasonable time not to exceed thirty (30) days".[8]  Defendant asserts that the "plain and unambiguous language" of the RWA permitted it to remove the Collateral within 30 days of demand.  (Docket No. 10 at 4; No. 16 at 10).  Plaintiff counters that the RWA contemplates, not 30 days but a "short" timeframe, "*i.e.* 'a reasonable time *not to exceed*' 30 days.  (Docket No. 15 at 10) (italics in original).  Plaintiff concludes that a "fact finder could find that Defendant's allotted time frame to remove the Collateral was reasonable", especially since Plaintiff "had tried to get Defendant to remove the Collateral since November 2024."  (*Id.*).  The Court finds that the RWA's demand provision is facially ambiguous, and that its application herein presents a question of material fact.  Moreover, as Plaintiff observes, "[w]hat is a reasonable time is ordinarily a question of fact decided by the jury."  (Docket No. 15 at 10) (quoting *Contimortgage Corp. v. Mortg. Am., Inc.*, 47 F. Supp. 2d 575, 578 (E.D. Pa. 1999)).[9]

Accordingly, Plaintiff has stated a claim for breach of contract.

Counts II - VI

Defendant argues, in effect, that all of Plaintiff's further claims (for Conversion, Fraud/Fraudulent Misrepresentation, Fraud by Omission/Concealment, Trespass to Chattel, and Unjust Enrichment) fail as a result of the failure of Count I, because each of them is predicated on Defendant's asserted abandonment of the Collateral and Plaintiff's consequent ownership, as

---

[8] If Plaintiff is hereafter able to establish that Formlogic vacated the premises prior to November 7, 2024, then it may also satisfy element (ii) if allowing 18 days from the November 7 letter constitutes a demand "to remove the Collateral within a reasonable time not to exceed thirty (30) days".

[9] Finally, with respect to element (iii), the parties are in agreement that Defendant did not remove the Collateral by February 14, 2025, as directed in Plaintiff's demand.

asserted in Count I.  Because the Court has found that Count I succeeds in stating a claim, it will deny Defendant's motion as to Counts II through VI as well.[10]

In sum, the Court finds that Plaintiff has pled sufficient facts in its Complaint to withstand the motion to dismiss under its asserted theories.  As set forth above, Defendant's present challenges are largely fact-intensive, and adjudication of this action will benefit from the development of a more fulsome record, should it proceed through the discovery process.  *See, e.g.*, *Frankovich v. Pittsburgh Pub. Schs.*, Civ. A. No. 19-1643, 2020 WL 12674627, at *1 (W.D. Pa. May 6, 2020).

Accordingly, Defendant's Motion to Dismiss [9] is DENIED.

IT IS FURTHER ORDERED that Defendant shall file its Answer by **May 8, 2026**.

 *s/Nora Barry Fischer*
Nora Barry Fischer
Senior U.S. District Judge

cc/ecf: counsel of record

---

[10] The Court notes that some of the remaining Counts (other than Count II (Conversion)) may be subject to objection as duplicative or contrary to the "gist of the action" doctrine.  However, as such potential objections have not been asserted by Defendant, the Court will decline to reach them for the time being.